UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GABRIELA DA SILVA LOPES,
                  *Petitioner*,

v.

PATRICIA H. HYDE, et al.
                  *Respondent*.

**Civil Action No.:**
**1:25-cv-14017-LTS**

## PETITIONER'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

Petitioner Gabriela Da Silva Lopes ("Ms. Lopes") respectfully submits this Reply in further support of her Motion for Attorneys' Fees and Expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412. Respondents oppose fees on two grounds: first, that EAJA does not apply to immigration habeas proceedings because they are not civil actions, and second, that their detention position was substantially justified. Neither argument withstands scrutiny under governing First Circuit law.

### I. EAJA APPLIES TO THIS HABEAS MATTER

#### a. The Court Already Contemplated EAJA Relief.

Respondents' sovereign immunity argument ignores the procedural reality of this case. After reviewing the Petition and Respondents' submission, this Court ordered Petitioner's immediate release and expressly directed that any request for fees under the EAJA shall be filed within thirty days. That directive was part of the Court's merits disposition. Respondents did not

move for reconsideration and did not argue that EAJA was categorically unavailable in habeas proceedings when relief was entered.

EAJA is a fee shifting statute and a limited waiver of sovereign immunity, and it must be construed according to its text. *Michel v. Mayorkas*, 68 F.4th 74, 78 (1st Cir. 2023); *Aronov v. Napolitano*, 562 F.3d 84, 88 (1st Cir. 2009). The statute provides that a court shall award fees in any civil action brought by or against the United States unless the Government's position was substantially justified. 28 U.S.C. § 2412(d)(1)(A). This proceeding was a civil action seeking judicial review of executive detention. The Court exercised jurisdiction, adjudicated the merits, and materially altered the legal relationship between the parties by ordering immediate release. Under First Circuit precedent, that constitutes prevailing party status in a civil action. *Aronov,* 562 F.3d at 89.

It is therefore untenable for Respondents to argue that sovereign immunity bars fees where the Court expressly authorizes an EAJA application in the very Order granting relief.

### b. Immigration Habeas Proceedings Are Civil Actions for EAJA Purposes.

Respondents contend that habeas proceedings fall outside EAJA's scope. The First Circuit has not adopted that categorical exclusion, and nothing in EAJA's text compels it. The statute applies to any civil action other than cases sounding in tort. Immigration detention challenges arise from civil custody, not criminal conviction. The First Circuit has consistently recognized the civil nature of immigration detention. *Saysana v. Gillen*, 614 F.3d 1, 4 to 5 (1st Cir. 2010).

Moreover, the First Circuit instructs that EAJA's purpose is to ensure that individuals are not deterred from challenging unjustified governmental action because of expense. *Michel*, 68 F.4th at 78. Excluding immigration habeas actions from EAJA would undermine that purpose in a context where no appointed counsel is provided and liberty is at stake. In the absence of binding

First Circuit authority excluding immigration habeas proceedings from EAJA's reach, and in light of this Court's express authorization of a fee motion, Respondents' categorical argument fails.

## II. RESPONDENTS WERE NOT SUBSTANTIALLY JUSTIFIED

Even if EAJA applies, fees must be awarded unless the Government shows that its position was substantially justified. 28 U.S.C. § 2412(d)(1)(A). The burden rests with Respondents. See *Michel*, 68 F.4th at 78. To be substantially justified, the Government's position must have had a reasonable basis in both law and fact such that a reasonable person could think it correct. *Id.*; *Aronov*, 562 F.3d at 94. Respondents cannot meet that standard.

### a. The Government Conceded This Case Was Controlled by Prior Adverse Decisions.

In response to the Petition, Respondents conceded that the legal issues presented were similar to those recently addressed by this Court in *Garcia* and *Encarnacion* and that, should the Court follow its reasoning in those cases, it would reach the same result here. That concession is dispositive. The First Circuit has made clear that substantial justification requires more than mere non frivolousness; it requires that the Government's position be justified in substance or in the main. *Saysana*, 614 F.3d at 5.

Litigating a position already rejected by the presiding court in materially identical cases does not meet that standard. *McLaughlin v. Hagel*, 767 F.3d 113, 117 (1st Cir. 2014) (holding that the Government's position was not substantially justified where it conflicted with governing precedent). Where the Government acknowledges that controlling decisions dictate the outcome, its continued defense of the contrary position cannot be deemed reasonable.

### b. Post Hoc Reliance on Out of Circuit Authority Does Not Establish Justification.

Respondents now rely on a recent Fifth Circuit decision: *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *1-5 (5th Cir. Feb. 6, 2026). However, substantial justification is assessed in light of the law of the forum at the time the Government acted. *Michel,* 68 F.4th at 78 to 79. At the time of Petitioner's detention and the filing of the habeas petition, this Court had already rejected the Government's mandatory detention theory under 8 U.S.C. § 1225(b) in similar cases. Respondents acknowledged that this case mirrored those decisions and did not meaningfully distinguish Petitioner's facts.

The First Circuit has emphasized that even though the Government need not prevail to be substantially justified, it must demonstrate a reasonable basis in law and fact. *Aronov,* 562 F.3d at 94. Reliance on a later out of circuit ruling does not retroactively supply reasonableness where the governing district precedent pointed the other way at the time of detention and litigation.

### c. The Relief Ordered Underscores the Lack of Justification.

This Court ordered immediate release, a bond hearing under § 1226 rather than § 1225, proper burden allocation under controlling First Circuit authority, and protection against retaliation. That relief was not procedural housekeeping. It corrected unlawful detention. Where the Government's detention theory fails outright and immediate release is ordered, the position cannot be said to have been justified in substance or in the main. *Saysana,* 614 F.3d at 5; *Michel,* 68 F.4th at 78.

## CONCLUSION

Petitioner prevailed in a civil action. The Court expressly authorized an EAJA motion. Under First Circuit standards, Respondents have not carried their burden of demonstrating that their position was substantially justified. For these reasons, Petitioner respectfully requests that the Court grant her Motion for Attorneys' Fees and Expenses in full.

**Dated:** February 18, 2026                        Respectfully Submitted,

/s/ Elizabeth B. Anderson

Elizabeth B. Anderson, Esq.
MA Bar ID: BBO#706920
Nova Law Group
83 Walnut St. #10
Wellesley, MA 02481
E: eanderson@nova.law
P: 844-844-6682
*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I, undersigned counsel, hereby certify that on this date, I filed this Reply using the PACER system.

**Dated:** February 18, 2026                        Respectfully Submitted,

/s/ Elizabeth B. Anderson

Elizabeth B. Anderson, Esq.
MA Bar ID: BBO#706920
Nova Law Group
83 Walnut St. #10
Wellesley, MA 02481
E: eanderson@nova.law
P: 844-844-6682
*Counsel for Petitioner*