UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GABRIELA DA SILVA LOPES,<br>　　Petitioner,<br><br>v.<br><br>DAVID WESLING et al.,<br>　　Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 25-14017-LTS |

<u>ORDER ON MOTION FOR ATTORNEY'S FEES (DOC. NO. 14)</u>

June 5, 2026

SOROKIN, J.

In an Electronic Order issued January 2, 2026, this Court allowed Gabriela Da Silva Lopes's habeas petition, finding that her detention by the respondents violated federal law.  Doc. No. 9.  As relief, the Court required the respondents to release Lopes immediately, though it specified that the respondents could request a bond hearing before an immigration judge if they believed Lopes posed a danger to the community or a flight risk.  Id.  The immigration judge presiding over the subsequent bond hearing determined that Lopes could remain released upon a payment of $5,000 bond.  Doc. No. 13.

Before the Court now is a motion by Lopes filed January 30, 2026, in which she seeks an award of attorney's fees under the EAJA.  Doc. No. 14.  The motion is accompanied by the following supporting documents: a declaration from Lopes, Doc. No. 14-1; a declaration from her lead counsel concerning her hourly rate, Doc. No. 14-2; a one-page invoice reflecting the total number of hours of work performed by lawyers and paralegals on Lopes's behalf, Doc. No. 14-3; recent consumer price index information for the Boston area, Doc. No. 14-4; and a copy of the immigration judge's bond order, Doc. No. 14-5.

The respondents have opposed the motion on two grounds.  Doc. No. 15.  They argue that immigration habeas cases are not "civil actions" for EAJA purposes, id. at 3–7; and that the respondents' legal position was substantially justified, id. at 7–11.  Lopes filed a brief reply in which she responded to both arguments.  Doc. No. 16.  The reply was not accompanied by any additional exhibits.

The EAJA is an exception to the general rule that "each party is . . . required to bear its own attorneys' fees."  Castañeda-Castillo v. Holder, 723 F.3d 48, 56 (1st Cir. 2013).  It provides:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the  United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The EAJA is "strictly construed in favor of the government," as "it effectively amounts to a partial waiver of sovereign immunity by the United States."  Castañeda-Castillo, 723 F.3d at 57.  In § 2412(d)(1)(B), the EAJA further specifies:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application which shows . . . the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.

Having measured the parties' submissions against the statutory prerequisites for EAJA awards, the Court must DENY Lopes's motion for two reasons.[1]  First, the Court has not yet entered judgment.  It will do so concurrently with the entry of this Order.  However, that

---

[1] The Court notes that the respondents neglected to advance either of the two reasons Lopes's motion must be denied as presently filed.  Normally, the Court would find this amounted to a waiver of these defects.  However, because the First Circuit requires that the fee statute be construed strictly in the government's favor, and because the statutory prerequisites are not satisfied on the record as it presently stands, the Court is not inclined to disregard the deficiencies it has discerned.  As will be explained, however, Lopes may refile her motion and cure both deficiencies at the appropriate time.

judgment will not become final until the expiration of the governing appeal period or the conclusion of any appeal (should the respondents pursue one).

Second, the exhibits to Lopes's motion do not include the requisite "itemized statement" describing the time expended on this case and supporting the claimed rate for all attorneys who worked on this matter. Her motion does not specify the total fee award she seeks. Her lead counsel's declaration does not specify what rate she seeks, or what rate is reasonable in these circumstances, for the "several paralegals" who worked on this case. The invoice accompanying the motion is not an itemized statement reflecting in any detail the number of hours each of the lawyers and paralegals spent doing which tasks, nor does it make clear whether or to what extent the time billed on the invoice relates to the subsequent bond proceeding as opposed to litigation before this Court. And, the amounts charged on the invoice are calculated using an hourly rate that differs from the one claimed in lead counsel's declaration. Because the Court must strictly construe the EAJA in the government's favor, including the statutory prerequisites to securing an award, it finds that Lopes's submissions do not contain the information required by statute and necessary to permit the Court to evaluate the reasonableness of (or even calculate) the award she seeks. This defect means her motion must be DENIED.

The obstacles separating Lopes from an EAJA award, however, are not insurmountable. Once judgment enters and becomes final, the timing problem will be resolved, and she may resubmit her request for an award. When she does so, she may avoid the second problem by supplementing her motion papers with information concerning the hourly rates of lead counsel's associate and paralegals, an itemization of the work performed by each individual, and the total amount of the award she seeks. Armed with that information at the appropriate time, the Court

3

will be able to fully assess her request and make an award.  The Court's denial, then, is without

prejudice to Lopes renewing her request at the time and in the manner required by statute.[2]

SO ORDERED.

        /s/ Leo T. Sorokin        
United States District Judge

---

[2] The Court has elsewhere considered and rejected the government's other arguments opposing EAJA relief.  See, e.g., Order at 5–10, Canel Ajbal v. Wesling, No. 26-cv-10190-LTS (D. Mass. Mar. 27, 2026), ECF No. 27; see also Orrego v. Hyde, No. 26-cv-10260-BEM, 2026 WL 1480362, at *1 (D. Mass. May 27, 2026) (awarding fees after finding habeas proceedings are "civil actions" and government's position expressed via abbreviated response not substantially justified); Ndongala v. Wesling, No. 26-cv-10194-ADB, 2026 WL 1534981, at *1 (D. Mass. June 1, 2026) (holding motion in abeyance pending final judgment upon finding petitioner otherwise eligible for EAJA fees).  Absent a change in law, the Court anticipates adhering to the same reasoning in this case, should Lopes renew her motion.