**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

GABRIELA DA SILVA LOPES,
Petitioner,
v.
PATRICIA HYDE, et. al,
Respondents.

Civil Action No. 1:25-cv-14017-LTS

**RESPONDENTS' MOTION FOR RECONSIDERATION**

Pursuant to Fed. R. Civ. P. 60(b), Respondents respectfully move this Court to reconsider its September 4, 2026, Order allowing Petitioner's Second Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"). *See* ECF No. 21.

To obtain relief on a motion for reconsideration, the moving party must either present newly discovered evidence that has come to light or demonstrate that the court has committed a manifest error of law. *Palmer v. Champion Mortg.*, 465 F.3d 24, 29 (1st Cir. 2006). The Court's misapprehension of a material fact, a point of law, or a party's legal position is sufficient to warrant reconsideration. *Id.*; *see also Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 139 (1st Cir. 2006) ("[A] motion for reconsideration is appropriate where the court has misapprehended the fact, a party's position, or the controlling law.").

On December 31, 2025, Petitioner filed a Petition for Writ of Habeas Corpus. ECF No. 1. On January 2, 2026, Respondents filed a response to the Petition. ECF No. 8. On the same day, this Court ordered Petitioner released from ICE custody without prejudice or a bond hearing held within seven days under Section 1226. *See* ECF No. 9. On January 30, 2026, Petitioner filed her first motion for attorney's fees under the EAJA, which this Court denied on June 5, 2026, because judgment had not entered and Petitioner did not include the requisite "itemized statement"

describing the time expended on this case and supporting the claimed rate. *See* ECF No. 14, 17. On August 7, 2026, without any conferral by Petitioner with Respondents, Petitioner filed the instant second motion for attorney's fees. *See* ECF No. 19. On August 24, 2026, this Court issued an Order indicating that the Court will allow the motion as unopposed on September 4, 2026, unless Respondents file an objection to Petitioner's request.[1] On September 4, 2026, this Court allowed the motion as unopposed and ordered that Respondents pay $8,829.50 by October 2, 2026. *See* ECF No. 21.

Respondents submit that reconsideration is warranted as the U.S. Immigration and Customs Enforcement ("ICE") does in fact oppose awarding the requested EAJA fees. In the Motion for Attorney's Fees filed August 7, 2026, Petitioner failed to include a certification demonstrating that she conferred with Respondents regarding this motion. *See* ECF No. 19. Local Rule 7.1(a)(2) dictates that "no motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." This Court has previously denied motions for failure to comply with Local Rule 7.1(a)(2). *See e.g.*, *Stalcup v. Dept. of Defense*, No. 1:13-cv-11967-LTS, ECF No. 121 at *4 (reasoning that "there is no excuse for disregarding the local rule.").

In Petitioner's Second Motion for Attorney's Fees there is no certification explaining what, if any, efforts Petitioner made to narrow the issues with Respondents in good faith. *See* ECF No. 19; *see also* ECF No. 14 (failing to include a 7.1 certification on the first motion for EAJA fees). Critically, during the time that the Second Motion for Attorney's Fees was not responded to, the prior Assistant United States Attorney was transitioning to a position outside of the U.S. Attorney's

[1] Respondents note that the August 24, 2026, order was not received by the prior AUSA as she had departed the office prior to that date.

Office and, overall, the U.S. Attorney's Office represented ICE in an immense amount of habeas petitions. Ultimately, as "District courts enjoy broad latitude in administering local rules" and "are entitled to demand adherence to specific mandates contained in the rules," Respondents respectfully request reconsideration of this Court's Order deeming Petitioner' Second Motion for Attorney's Fees unopposed due to Petitioner's failure to meet and confer per Local Rule 7.1. *See Melino v. Bos. Med. Ctr.*, 127 F.4th 391, 397 (1st Cir. 2025).

Should this Court grant this motion and the relief requested herein, Respondents additionally request 30 days to oppose the Second Motion for Attorney's Fees.

Dated: September 10, 2026

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: *<u>/s/ Erica McMahon</u>*
Special Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3271
Email: Erica.McMahon@usdoj.gov

## **<u>LOCAL RULE 7.1(a)(2) CERTIFICATION</u>**

I, Erica McMahon, Special Assistant United States Attorney, certify that, I conferred with Petitioner's counsel who opposes the relief requested herein.

Dated: September 10, 2026

By: *<u>/s/ Erica McMahon</u>*
Special Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I, Erica McMahon, Special Assistant United States Attorney, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to those indicated as non-registered participants.

Dated: September 10, 2026,

By: */s/ Erica McMahon*
Special Assistant United States Attorney